# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

CONNIE L. SHELOR,

                Plaintiff,

v.                                          ACTION NO. 2:13cv297

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Connie L. Shelor's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 20. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure following consent of the parties. ECF Nos. 13, 14. For the reasons set forth below, Ms. Shelor's motion to alter or amend judgment is GRANTED, the decision of the Commissioner is VACATED, and the case is REMANDED for further proceedings.

## I. PROCEDURAL BACKGROUND

Ms. Shelor protectively applied for Disability Insurance Benefits ("DIB") on April 8, 2010, alleging disability since December 30, 2006. R. 130-36, 168.[1] Ms. Shelor's application was denied initially and on reconsideration. R. 91-107. Ms. Shelor requested a hearing by an Administrative Law Judge (ALJ), which occurred on December 2, 2011. R. 58-87. Ms. Shelor was represented by counsel, and testified before the ALJ along with a vocational expert. R. 58.

---

[1] The citations in this Opinion and Order are to the Administrative Record.

On January 10, 2012, the ALJ found that Ms. Shelor was not disabled within the meaning of the Social Security Act from December 30, 2006, the alleged onset date, through the date last insured, December 31, 2011 (the "Initial Decision"). R. 31. The Appeals Council denied Ms. Shelor's request for administrative review of the ALJ's decision. R. 2-7.

Ms. Shelor brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the Initial Decision denying her application for DIB pursuant to section 205(g) of the Social Security Act. On November 5, 2013, Ms. Shelor moved for summary judgment, and Defendant filed a cross-motion for summary judgment on December 6, 2013. ECF Nos. 9, 11.

Due to an administrative error at the Social Security Administration, Ms. Shelor's motion for summary judgment was docketed as an order from this Court vacating the ALJ's decision and remanding Ms. Shelor's case to the Social Security Administration. Order Vacating Prior Order of Remand, ECF No. 22-1. Accordingly, the Appeals Council issued a remand order on December 13, 2013. Remand Order, ECF No. 17-1. Pursuant to the remand order, the ALJ conducted further proceedings and held a hearing on March 11, 2014, with Ms. Shelor and her counsel present. ALJ's Decision, ECF No. 17-2. Subsequently, on March 24, 2014, the ALJ issued a decision finding Ms. Shelor disabled as of her amended alleged onset date of November 8, 2011 (the "Second Decision"). *Id.* On August 9, 2014, Ms. Shelor began receiving benefits pursuant to the favorable decision. Notice of Award, ECF No. 17-3.

On September 24, 2014, without notice of the remand or Second Decision, the undersigned issued an Opinion and Order denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Initial Decision of the ALJ entered January 10, 2012. ECF No. 15. A Clerk's Judgment was entered the same day.

ECF No. 16.

The following day, Plaintiff's counsel contacted the Clerk's office, and submitted the Appeals' Council Remand Order dated December 23, 2013, the favorable decision of the ALJ dated March 24, 2014, and the Notice of Award dated August 9, 2014. ECF Nos. 17-1, 17-2, 17-3. Once notified of this Court's opinion and judgment, the Appeals Council entered an order vacating the prior order of remand, and finding the Appeals Council had no jurisdiction to issue the remand order in December 2013. Order Vacating Prior Order of Remand, ECF No. 22-1.

On October 21, 2014, Plaintiff filed the motion to alter or amend this Court's judgment with a memorandum in support. ECF Nos. 20, 21. Defendant responded on October 28, 2014. ECF No. 22. No reply was filed. Accordingly, the motion is ripe for decision.

## II. STANDARD OF REVIEW

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed.1995)). The Fourth Circuit has directed that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). For the reasons that follow, Plaintiff's Rule 59(e) motion is granted to prevent manifest injustice.

## III. ANALYSIS

Ms. Shelor contends she will suffer manifest injustice if the judgment is not amended, because her date last insured was December 31, 2011. Pl.'s Mem. 4. As a result, she would no longer be eligible to apply for DIB, and may be responsible for the overpayment of benefits. *Id.* As Respondent points out, "[t]he exception for manifest injustice appears to be concerned essentially with fairness in the administrative process and a denial of due process." Resp.'s Mem. 11 (quoting *Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir. 1993)). The strange procedural posture of this case, brought about by the mistake of the Social Security Administration, necessitates a remand to avoid manifest injustice and promote fairness in the administrative process.

Respondent asserts Ms. Shelor and her counsel could have avoided the present situation by "examin[ing] the inconsistency of the *same case* proceeding simultaneously in two forums." Resp.'s Mem. 10, citing *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403 (4th Cir. 2010). In *Robinson*, the Fourth Circuit upheld a decision to deny a Rule 59(e) motion finding counsel was "willfully blind" to whether a dispositive motion had been filed. *Robinson*, 599 F.3d at 409. Robinson moved to alter or amend an adverse judgment resulting from an unopposed motion for summary judgment. *Id.* at 407-408. Robinson argued counsel's computer issues prevented him from filing a response to the motion. *Id.* Counsel knew computer troubles were causing difficulty in receiving e-mails, including the notice of electronic filing or NEFs sent from the court's electronic case filing system, and was aware of the deadline for filing dispositive motions. *Id.* at 409. Despite this, counsel made the strategic decision not to call opposing counsel, because he did not want to alert them of the approaching deadline. *Id.* Counsel did not

explain why he did not contact the court or check the docket for dispositive motions. *Id.* The court explained that it does not "apply a general duty to monitor dockets," but found counsel could not make a calculated choice to take no action and then avail himself of discretionary relief. *Id.* at 411. The Fourth Circuit upheld the denial of the Rule 59(e) motion, finding no manifest injustice where counsel made the strategic decision to "engage in willful blindness." *Id.* at 409-11.

Respondent asserts counsel in the instant case similarly chose to remain willfully blind of the action proceeding at the administrative level as well as in federal court. Resp.'s Mem. 10-11. However, the mistake in the instant case did not stem from counsel's actions, but rather from the Social Security Administration's clerical error. The Court finds Ms. Shelor did not have a duty to monitor the docket, and reasonably relied on the information received from the Social Security Administration. Following the Social Security Administration's mistaken remand of the case, Ms. Shelor appeared with counsel and testified at a hearing before the ALJ. Following the hearing, with the exception of an amended onset date five years later than the one previously alleged, the same ALJ considered essentially the same administrative record as considered in the Initial Decision and arrived at the opposite conclusion in the Second Decision. Ms. Shelor received a favorable result, and was awarded benefits. The Social Security Administration did not have jurisdiction to remand the case, and the Second Decision is without effect. The Court must decide how to proceed from here. To ignore the Second Decision stemming from the Social Security Administration's mistake, affirm the Initial Decision, and deny Ms. Shelor benefits at this stage would result in manifest injustice.

This Court's review of Social Security appeals is one of limited scope and utmost

deference to the Agency's decisions.  Accordingly, where the Social Security Administration's mistake has resulted in two conflicting disability findings, the only reasonable way to proceed is a remand to the Social Security Administration to determine whether or not Ms. Shelor is entitled to Disability Insurance Benefits.  To avoid manifest injustice, the Court GRANTS Ms. Shelor's Rule 59(e) motion.

## IV.  ORDER

For the foregoing reasons, the Court ORDERS that Ms. Shelor's Rule 59(e) motion to alter or amend judgment (ECF No. 10) is GRANTED, the decision of the Commissioner is VACATED, and the case is REMANDED for further proceedings.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 14, 2015